CARRIE EVA STEPHENS v. JOHN SCHMIDT.

Submitted March 18, 1910—Decided June 14, 1910.

By the terms of the act of 1906 (*Pamph. L., p.* 525), a married woman is empowered to maintain an action at law to recover damages for any tort committed against her person or property, as fully as if unmarried, free from any control of her husband, and in such action the release of the husband of all damages to himself and wife, which are the subject of the action of the wife, is not admissible as a bar to her suit. Under the statute mentioned a husband cannot control the wife in any degree in the enforcement of her claim for damages in a case of tort against her person or property, and therefore the husband cannot release her claim, for that would most effectively control its enforcement.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the plaintiff. *Benjamin F. Jones.*

For the defendant, *Harry Kalisch.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff, a married woman, was being driven in a carriage along Ridgewood avenue, Ridgewood, in this state, when the carriage was struck by an automobile driven by the defendant, and the plaintiff seriously injured, for which she recovered a verdict. The trial court allowed the defendant a rule to show cause why the verdict should not be set aside, which this court is now urged to make absolute. The case shows that plaintiff was along the curb on the right-hand side of the avenue going east, and that the defendant was coming from the opposite direction, and when plaintiff's carriage had passed Maple avenue about fifteen feet, it was struck by defendant's automobile as, according to his testimony, he was

crossing the street to enter Maple avenue. It also appears that a plea *puis darrien continuance* was filed setting up that after this suit was commenced by the wife in her own name, her husband, William A. Stephens, had released the defendant from all demands which he "did have either individually or for or on account of any injury or alleged injury to the said Carrie Eva Stephens, plaintiff as aforesaid, or which the said William A. Stephens, either individually or for or on account of said injuries or alleged injuries to the said Carrie Eva Stephens, wife as aforesaid of the said William A. Stephens."

The reasons argued in support of the rule are the following:

*First.* That the court refused to admit in evidence the release executed by the husband as a bar to plaintiff's action, the contention being that the common law rule which permitted a husband to release a cause of action which a wife has for injuries to her person is still in force in this state. This contention is not sound, for in 1906 (*Pamph. L., p.* 525) the legislature provided that any married woman may maintain an action in her own name for all torts committed against her in the same manner as she might if a *feme sole,* and in construing this act in *Sims* v. *Sims,* 48 *Vroom* 251, this court, Chief Justice Gummere speaking for the court, said that its purpose was "to protect the wife against any marital right of the husband to control her in any degree in the enforcement of her claims to damages for any tort committed against her or her separate property and to authorize her to enforce the same as fully and completely as if she were unmarried." If, under this act, the husband cannot control the wife in any degree in the enforcement of her claim for damages in case of a tort against her person, it must follow that he cannot release it, for that would most effectively prevent its enforcement.

*Second.* That the court refused to strike out certain evidence. The error complained of appears in the record as follows: The plaintiff was asked, "Had your husband lived with you since you went to the Memorial Hospital in 1907?" and she answered, "He has not, judge." No objection was made either to the question or answer, but after another question was asked, an objection was interposed to the second question,

which was not answered, and thereupon the defendant moved to strike out the previous question and answer, which was refused. The evident purpose of the question was to show that the plaintiff was entitled to maintain her action, if the act of 1906 (*Pamph. L., p.* 525) did not apply, because she was living separate and apart from her husband, and within the provisions of section 23 of the General Practice act of 1903. It was therefore competent testimony and properly retained by the court, but in addition, if not material, or irrelevant, the motion came too late after the question had been asked and answered, and another question put. The motion was based upon the ground that it was not relevant, and if it was not, objection should be promptly made, and the party objecting ought not to wait to ascertain whether the answer will make for his case, before interposing an objection to its relevancy.

*Third.* That the charge of the court was contrary to law. This is based upon the claim that the court, in a statement of the evidence, ignored some of defendant's testimony. It is sufficient to say that an examination of the charge does not support this claim, even if it can be said that the omission of the court to recite all the testimony is contrary to law.

The *fourth* and last point is that the damages awarded, $8,000, is excessive. The plaintiff spent several months in a hospital, and underwent three rather serious operations, and suffered great pain and distress, is permanently crippled and will never be able to walk without crutches, or some like aid, and the damages are not so large as to justify this court in saying they are excessive.

The rule to show cause will be discharged.